## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **C.L.**

**No. 21-0821** (Wyoming County 20-JA-40)

## MEMORANDUM DECISION

Petitioner Mother T.L., by counsel Karen S. Hatfield, appeals the Circuit Court of Wyoming County's September 17, 2021, order terminating her parental rights to C.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Zachary Whitten, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues, among other things, that the circuit court erred in failing to provide adequate notice of the adjudicatory hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court below erred in holding the adjudicatory hearing without ensuring that petitioner was properly noticed of the same. Accordingly, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to resolve the issues presented.

Because the resolution of this case turns on a narrow legal issue, it is unnecessary to undertake a detailed recitation of the underlying facts. It is, instead, sufficient to note that this matter was initiated in August of 2020, when the DHHR filed a child abuse and neglect petition against the parents based upon allegations of drug abuse and deplorable living conditions. Especially relevant to the determinative issue on appeal is the holding of the adjudicatory hearing. On April 8, 2021, the circuit court first convened the adjudicatory hearing, and the parents appeared in person and by counsel. However, the parents moved to continue the hearing to prepare

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

for a contested adjudicatory hearing. The court granted the parents' motions to continue and reset the matter to June 24, 2021.

The DHHR filed a motion to continue on June 17, 2021, citing the CPS worker's unavailability for the June 24, 2021, adjudicatory hearing. The circuit court granted the DHHR's motion to continue without a hearing, and reset the hearing to July 2, 2021, by order entered on June 30, 2021. It is important to stress that the date of entry of this order was not ten days or more from the rescheduled hearing date of July 2, 2021.

At the July 2, 2021, adjudicatory hearing the parents failed to appear, but were represented by counsel. Petitioner's counsel proffered that she saw her client at the courthouse on June 24, 2021, waiting for the hearing, and opined that her letter informing petitioner on the new hearing date had likely not reached petitioner in time for notice of the July 2, 2021, hearing. Nonetheless, the court proceeded with evidence and adjudicated petitioner as an abusing parent.

Ultimately, the circuit court terminated petitioner's parental rights following a dispositional hearing in August of 2021. Petitioner appeals the circuit court's September 17, 2021, dispositional order.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in failing to provide adequate notice of the twice rescheduled adjudicatory hearing. Petitioner notes that her counsel stated on the record at the July 2, 2021, hearing that petitioner had appeared at the courthouse for the previously scheduled June 24, 2021, hearing. Petitioner emphasizes that the continuance order's untimely entry failed to provide adequate notice of the twice rescheduled adjudicatory hearing, and that this error constitutes reversible error. We agree.

---

[2]The father's parental rights were also terminated below. The permanency plan for the child is adoption by the maternal grandmother.

After the parents have been served with the petition, West Virginia Code § 49-4-601(e)(1) requires "at least 10 days' notice of any other hearing." Here, the original adjudicatory hearing date was April 8, 2021, and at this hearing the court granted the parents' motion to continue and gave the new date of June 24, 2021, in open court. However, upon the DHHR's motion to continue, the court reset the June 24, 2021, adjudicatory hearing to July 2, 2021, by a continuance order entered on June 30, 2021. Clearly, the notice of the rescheduled hearing was short of the required ten days.

We have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009). Here, there is no evidence that petitioner had actual notice of the July 2, 2021, adjudicatory hearing date. *See In re C.T.,* No. 15-0742, 2015 WL 7628724, at *2 (W. Va. Nov. 23, 2015)(memorandum decision) (finding that the respondent parent received actual notice of the adjudicatory hearing, as the matter was scheduled in her presence at the preliminary hearing). Further, according to the record, petitioner's counsel proffered that petitioner was seen at the courthouse on June 24, 2021. At that time, the circuit court's order granting the DHHR's motion to continue the June 24, 2021, hearing had not been entered. Although the record does not contain the docket sheet indicating when the continuance order for the July 2, 2022, hearing was mailed to the parties, it is clear that it was not mailed within ten days.

Accordingly, we find that because the circuit court substantially disregarded the process established by statute, the resulting dispositional order must be vacated, and the case must be remanded for compliance with that process. As such, it is unnecessary to address petitioner's remaining arguments.

For the foregoing reasons, we vacate the circuit court's September 17, 2021, order, insomuch as it relates to petitioner's parental rights only, and remand this matter to the circuit court for the holding of a properly noticed adjudicatory hearing within thirty days of the issuance of this memorandum decision, and for further proceedings consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and remanded.

**ISSUED**: April 14, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment